IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PANDORA JEWELRY, LLC,** | * | |
| *Plaintiff,* | | |
| v. | * | Civil Case No: 24-cv-01303-JRR |
| **ANNA'S OF LAKELAND, LLC,** | * | |
| *Defendant.* | | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT & RECOMMENDATION

This Report and Recommendation addresses Plaintiff's, Pandora Jewelry, LLC ("Pandora Jewelry"), Motion for Default Judgment (the "Motion") against Defendant, Anna's of Lakeland, LLC ("Anna's of Lakeland"). (ECF No. 9). United States District Judge Julie R. Rubin referred this matter to the undersigned on August 8, 2024, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 10).[1] Anna's of Lakeland has not filed a response and the time to do so has now passed. *See* Loc. R. 105.2 (D. Md. 2023). For the reasons that follow, I respectfully recommend that Pandora Jewelry's Motion for Default Judgment be granted.

**I.   BACKGROUND**

   A.   Procedural Background

Plaintiff commenced this action on May 2, 2024, against Defendant, alleging breach of contract. (ECF No. 1). On May 7, 2024, Plaintiff served the Complaint and Summons upon the

---

[1] *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 534 (D. Md. 2011) ("Under the Magistrate Judges Act, 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion. A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act.") (internal citations omitted).

registered agent for Defendant by private process. (ECF No. 4). Defendant never filed any response, and Plaintiff filed a Request for Clerk's Entry of Default on May 29, 2024. (ECF No. 5). Defendant did not respond, and the Court entered default against Defendant on June 21, 2024. (ECF No. 6). The Court's Notice of Default, sent to Defendant by US Mail, was returned as undeliverable on July 8, 2024. (ECF No. 8).

Plaintiff then filed the present Motion on July 23, 2024. (ECF No. 9). Upon referral of the Motion, this Court noted that the Clerk's office had mailed the Notice of Default to a mailing address associated with Defendant, but not to the address of Defendant's registered agent. The Court requested that the Clerk's office mail the Notice to the registered agent's address on August 20, 2024. To the undersigned's knowledge, the Notice has not been returned as undeliverable. As an additional measure, this Court directed Plaintiff to file a supplement to its Motion for Default Judgement confirming that the Motion was served upon Defendant's registered agent and was not returned as undeliverable.[2] (ECF No. 11). Plaintiff thereafter submitted a certification that its Motion for Default Judgement was served upon Defendant's registered agent by first-class pre-paid mail, and that the United States Postal Service tracking system provided confirmation of delivery on July 26, 2024. (ECF No. 12). Defendant has not opposed Plaintiff's Motion for Default.

    B.    <u>Factual Background</u>

The following facts are based solely upon Plaintiff's Complaint, as Defendant has not submitted any responsive filings. (ECF No. 1). Plaintiff is a Maryland corporation with its principal place of business in Maryland. *Id.* at 1.[3] Defendant is a Florida limited liability company, and all

---

[2] In a 2023 case, Judge Quereshi of this Court similarly directed the plaintiff to file a supplement certifying service was effectuated when notice of an order of default sent to defendants was returned as undeliverable. *Choice Hotels Int'l, Inc. v. Seven Star Hotels Group, LLC, et al.*, No. 8:22-cv-748-AAQ, 2023 WL 1928016, at *2 (D. Md. Feb. 10, 2023).

[3] When the Court cites to a particular page or range of pages, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

its members are residents of Florida. *Id.* at 2. On or about January 9, 2015, Plaintiff entered into a contract with Defendant for the purchase of Plaintiff's products. *Id.* at 3. Under the terms of the contract, Defendant was bound to pay Plaintiff for the products it purchased and agreed that if it became delinquent in payments to Plaintiff, it would "pay reasonable attorney's fees and costs and expenses that [Plaintiff] incurs in collecting such payment." *Id.* The parties further agreed that Defendant would pay interest on delinquent amounts "at the greater of the rate of 18% per annum or the maximum contract rate of interest permitted by governing law, from and after the date of accrual." *Id.*

Plaintiff alleges that Defendant placed orders for products in the amount of $120,525.17 in April and May 2023, which were fulfilled and delivered by Plaintiff. *Id.* Defendant failed to provide payment for these products by the June 15, 2023, payment due date. *Id.* As a result, Plaintiff terminated the parties' contract by letter on July 18, 2023, and demanded payment for the outstanding $120,525.17. *Id.* Plaintiff has received no response to its July 2023 termination letter, and subsequent attempts to contact Defendant regarding payment have been unsuccessful. *Id.* at 4.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs entries of default and default judgments. Rule 55(a) requires that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a plaintiff's claim is not "sum certain" or a "sum that can be made certain by computation," the plaintiff "must apply to the court for default judgment" under Rule 55(b)(2). Fed. R. Civ. P. 55(b)(1)–(2).

In determining whether to award a default judgment, the Court accepts as true the well pleaded factual allegations in the Complaint as to liability. *Entrepreneur Media, Inc. v. JMD Ent.*

*Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).  However, "A complaint that avers bare legal conclusions or naked assertion[s] devoid of further factual enhancement, is insufficient to award default judgment." *Select Specialty Hosp. - Quad Cities, Inc. v. WH Administrators, Inc.*, No. CV PX-18-03586, 2020 WL 4569521, at *3 (D. Md. Aug. 7, 2020) (internal quotation omitted).  Moreover, the Court must consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law.  *United States v. Redden*, No. 09-cv-2688-WDQ, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790).  Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the Court determines that liability is established, the Court must then determine the appropriate amount of damages or other relief.  *CGI Fin., Inc., v. Johnson*, No. 12-cv-1985-ELH, 2013 WL 1192353, at *1 (D. Md. Mar. 21, 2013).  In this regard, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593.  A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence.  *Redden*, 2010 WL 2651607, at *2.  Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages."  The Court is not required to conduct an

4

evidentiary hearing to determine damages; it may rely on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).

### III.     ANALYSIS

#### A.     Liability

Subject matter jurisdiction in this case is predicated on the diversity of the parties. A federal court sitting in diversity must apply the choice of law rules applicable in the forum state. *Havtech, LLC v. AAON, Inc.*, No. SAG-22-00453, 2022 WL 1213476, at *4 (D. Md. Apr. 25, 2022) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941)). In contract actions, "[w]ith limited exceptions, Maryland courts have 'long recognized the ability of contracting parties to specify in their contract that the laws of a particular State will apply in any dispute over the validity, construction, or enforceability of the contract, and therefore trump the conflict of law rule. . .'" *Id.* (quoting *Jackson v. Pasadena Receivables, Inc.*, 398 Md. 611, 617 (2007)); *see also Brito v. Major Energy Elec. Servs.*, 526 F. Supp. 3d 95, 110 (D. Md. 2021) (explaining that choice of law provisions are generally enforceable "unless the choice of law jurisdiction has no substantial relationship to the transaction, or there is a fundamental policy difference in the laws of another jurisdiction with a more substantial interest in the parties or the transaction.") (citations omitted). Here, the parties' contract contains a choice of law provision providing that "all disputes arising from or related to this Agreement or its subject matter shall be governed, resolved, and remedied in accordance with the laws of the State of Maryland." (ECF No. 9-3 at 11). It does not appear there is any reason to decline to enforce the parties' choice of law provision. This Court will therefore apply the substantive contract law of Maryland.

To state a claim for breach of contract under Maryland law, "a plaintiff must simply show

that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *WSC/2005 LLC v. Trio Ventures Assocs.*, 460 Md. 244, 265 (2018) (internal quotation omitted). Plaintiff contends that Defendant owed Plaintiff a contractual duty pursuant to the parties' January 9, 2015, contract, which was initialed and signed by Defendant's president. (ECF No. 1 at 3). Pursuant to the contract, Defendant was bound to pay for products purchased from Plaintiff. *Id.* Plaintiff further asserts that Defendant failed to pay for products totaling $120,525.17 which were delivered to Defendant, and that such failure constitutes a breach Defendant's contractual obligations. *Id.*

Defendant has not entered an appearance in this case, nor participated in any way. The Court notes that the return of the initial Notice of Default raised a concern that Defendant did not receive notice of this action. However, the second Notice of Default, mailed to Defendant's registered agent on August 20, 2024, was not returned as undeliverable, and Plaintiff has confirmed service of process of both the Complaint and Motion for Default Judgment upon Defendant. (ECF Nos. 4, 12). Under these circumstances, entry of default judgement remains appropriate. *See Choice Hotels Int'l*, 2023 WL 1928016 at *4 (granting default judgment where the Clerk's entry of default was undeliverable, but plaintiff "confirmed service of process in conformity with the Court's Order."); *Alfaro v. Gali Serv. Indus., Inc.*, No. TDC-18-3705, 2021 WL 4704690, at *1, *4 (D. Md. Oct. 8, 2021) (recommending motion for default be granted where notice of default was initially returned as undeliverable, but service was eventually made upon defendant's last known address).

Accepting the well-pleaded allegations of the Complaint as true, this Court finds that Plaintiff has established that Defendant owed it a contractual obligation, and that Defendant breached that obligation. *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 594. ("In considering a

motion for default judgment, this Court accepts as true the well-pleaded factual allegations in the complaint as to liability."); *Ryan*, 253 F.3d at 780 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). The undersigned therefore recommends finding that the allegations in Plaintiff's Complaint plausibly set forth a legitimate cause of action for breach of contract, entitling Plaintiff to default judgment regarding the same.

B.  Damages

As noted previously, "[u]pon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not*." Hanover Ins. Co. v. Persaud Cos., Inc.*, No. GJH-13-472, 2015 WL 4496448, at *3 (D. Md. July 22, 2015). Rather, the Court must make an independent determination regarding damages allegations. "In so doing, the Court may conduct an evidentiary hearing. The Court may also determine damages without a hearing so long as there is an adequate evidentiary basis in the record for the award." *Chanel, Inc. v. Banks*, No. WDQ-09-843, 2011 WL 121700, at *4 (D. Md. Jan. 13, 2011). "In Maryland, a party suffering a breach of contract is entitled to recover as damages the amount that would place him in the position he would have been in had the contract not been broken." *BioVeris Corp. v. Jernigan*, No. CV DKC 2004-2264, 2005 WL 8174701, at *2 (D. Md. Sept. 13, 2005) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 506 (4th Cir 1986)). "Thus, the injured party is able to realize his expectations from the contract had there been no breach." *Id.*

Plaintiff requests it be awarded the $120,525.17 unpaid balance for products purchased by Defendant in April and May 2023. (ECF No. 9-1 at 2-3). Plaintiff additionally seeks interest on the unpaid balance pursuant to the parties' contract, which provides that interest be calculated, "at the greater of the rate of 18% per annum or the maximum contract rate of interest permitted by

governing law, from and after the date of accrual." (ECF No. 9-3 at 3). Plaintiff submits it is entitled to interest in the amount of $22,110.59, which is based on the application of the 18% per annum rate pro rata to 372 days between June 15, 2023, the date payment was due, and June 21, 2024, the date the Court entered default. *Compare Int'l Painters and Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d. 680, 683, 687 (D. Md. 2013) (awarding plaintiff interest calculated from the date that payment became due through the date that the Clerk of the Court filed an entry of default).

In support of its claim for damages, Plaintiff filed a declaration signed by Michelle Bender, the Manager for Accounts Receivable and Accounts Payable for Plaintiff, a redacted copy of the parties' contract, and a July 20, 2023, email from Plaintiff to Defendant indicating a past-due balance for the purchase of goods in the amount of $120,525.17. (ECF Nos. 9-2, 9-3, 9-4). Ms. Bender's declaration affirms that the attached contract is "a redacted version of a true and correct copy of the contract" between the parties, and that the email is "a true and correct copy of an email sent by Pandora to Defendant reflecting a past due balance of $120,525.17 for Pandora products that it purchased, and for which it was invoiced in June, [sic] 2023." (ECF No. 9-2 at 1). Plaintiff has provided sufficient support for its claims for contractual damages and interest. Accordingly, the undersigned recommends that the Court award Plaintiff contractual damages in the amount of $120,525.17 and interest in the amount of $22,110.59.

IV.    **CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends granting Plaintiff's Motion for Default Judgement (ECF No. 9). Further, the undersigned recommends awarding Plaintiff $120,525.17 in damages and $22,110.59 in interest for the reasons explained above.

Any objections to this Report and Recommendation must be served and filed within

fourteen (14) days pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b) (D. Md. 2023).

Dated: September 25, 2024

/s/
J. Mark Coulson
United States Magistrate Judge